In the Matter of the Estate of CORNELIA A. SNEDIKER, Deceased.

Surrogate's Court, Queens County, May 14, 1940.

*Sherwood P. Richards* and *Walter F. Hogan*, for the proponents.

*Street & Adikes*, for the contestants.

HETHERINGTON, S. The decedent died on March 20, 1940, survived by a sister, as her sole distributee. Thereafter, a will executed on October 6, 1937, and in which her sister was named as sole executrix and legatee, was admitted to probate on March 27, 1940. On the following day, a petition was filed for the probate of an instrument alleged to have been executed by the decedent on March 10, 1938. By its terms, two legacies, one for $5,000

and another for $2,000, were given to proponents, who were not related to the testatrix. The residue of the estate was given to the sister, who was named executrix. She has filed an answer objecting to its probate upon the ground the execution thereof was procured by undue influence, fraud and duress, and has moved to dismiss the proceeding upon the ground that the probate decree is a bar to its maintenance.

The same point was raised, considered and decided adversely to the executor named in a prior will, in *Campbell* v. *Logan*, (2 Bradf. 90), where Surrogate BRADFORD, answering the contention that the prior decree was conclusive, said (at p. 91): " This position is sound and unanswerable in every case except in a proceeding which has for its very object, directly or indirectly, to revoke or modify the probate. If the court possess the power to revoke, open, or alter its orders, it is self-evident that the order itself cannot be set up as a bar to the exercise of an authority which presupposes the existence of some decree or order on which to act." After reviewing the power to revoke probate exercised by the ecclesiastical courts, and concluding that the surrogate was possessed of similar power as a necessary incident to the exercise of his jurisdiction in probate matters, the surrogate, in referring to the case where a later instrument was offered for probate, said (at p. 93): " For example, there can be no doubt that a legatee or party interested in a later will, discovered after a previous will has been admitted to proof, has a right to have the last will proved and letters testamentary issued thereon. But there cannot be two last wills and two sets of letters at the same time. It is incidental, therefore, to the exercise of jurisdiction in taking probate of the last will, and the consequent grant of letters, to revoke the first probate and the first letters testamentary."

The procedure here adopted has uniformly been the practice in this court over a long period of years. I see no reason, or necessity, for disturbing the prior decree until the pending proceeding has been concluded. If the procedure urged by the contestant was adopted and the prior decree opened, it would be necessary to enter a further confirmatory decree, in the event of a denial of probate of the later instrument. It seems to me more logical and orderly not to interfere with the prior decree until the validity of the later instrument has been adjudicated. If it should be admitted to probate, the decree can revoke the former letters, (Surr. Ct. Act, § 154.) If probate is denied, the decree of probate, not having been disturbed, is operative and effective. The procedure here adopted was followed, and not questioned, in *Matter of Shaver* (133 Misc. 112; affd., 227 App. Div. 646). Motion denied.